David J. Sheehan (DS-4818)
dsheehan@bakerlaw.com
Jason S. Oliver (JO-1676)
joliver@bakerlaw.com
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
T 212.589.4200
F 212.589.4201

*Attorneys for Defendants/Counterclaim Plaintiffs Orthofix International N.V., Orthofix Inc., Orthofix Holdings, Inc., Orthofix Biologics, Orthofix Spinal Implants, and Musculoskeletal Transplant Foundation*

*Of Counsel:*
Dale M. Heist
heist@woodcock.com
Gary H. Levin
levin@woodcock.com
S. Maurice Valla
svalla@woodcock.com
Aleksander J. Goranin (AG-0892)
agoranin@woodcock.com
John F. Murphy
jmurphy@woodcock.com
**WOODCOCK WASHBURN LLP**
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104-2891
T 215.568.3100
F 215.568.3439

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NUVASIVE, INC. and<br>OSIRIS THERAPEUTICS, INC.,<br><br>Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>ORTHOFIX INTERNATIONAL N.V., ORTHOFIX, INC., ORTHOFIX HOLDINGS, INC., ORTHOFIX BIOLOGICS, ORTHOFIX SPINAL IMPLANTS, and MUSCULOSKELETAL TRANSPLANT FOUNDATION,<br><br>Defendants/Counterclaim Plaintiffs. | ***Document Filed Electronically***<br><br>No. 2:10-cv-01995-SDW -MCA<br><br>**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF MUSCULOSKELETAL TRANSPLANT FOUNDATION**<br><br>**JURY TRIAL DEMANDED** |

## ANSWER

Defendant/Counterclaim Plaintiff Musculoskeletal Transplant Foundation ("MTF"), through its undersigned counsel, hereby answers the complaint for patent infringement filed by

Plaintiffs/Counterclaim Defendants NuVasive, Inc. and Osiris Therapeutics, Inc. (collectively, "Plaintiffs"), in accordance with the numbered paragraphs thereof, as follows:

**NATURE OF THE ACTION**

1. MTF admits that Plaintiffs have filed an action for patent infringement and have attached a copy of U.S. Patent No. 6,335,239 ("the 239 patent") as Exhibit A to the complaint. MTF denies any infringement of the 239 patent.

2. MTF admits that the 239 patent lists Osiris Therapeutics, Inc. of Baltimore, Maryland as an assignee. MTF is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 2 of the complaint and, on that basis, denies the same.

3. MTF admits that in 2008, NuVasive purchased the OsteoCel® product line from Osiris for $85 million. MTF is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 3 of the complaint and, on that basis, denies the same.

4. MTF denies that Blackstone Medical, Inc. is its affiliate. MTF further denies that it ever distributed the OsteoCel® product line under any name, including the trade name Trinity®. MTF further denies that it ever asked for or received distribution rights to the OsteoCel® product line from Osiris. With respect to the remaining allegations in paragraph 4 of the complaint concerning Orthofix, MTF is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies the same.

5. Denied. By way of further answer, MTF avers that it never asked for or received economic benefits associated with selling the Trinity® product line, as alleged in paragraph 5 of the complaint; that MTF had started its own research and development program in 2006 to develop an allograft tissue form that included MSCs, now known as the Trinity

Evolution; and that MTF agreed to collaborate with Orthofix to commercialize the Trinity Evolution. MTF denies any infringement of the 239 patent.

6. MTF admits that Plaintiffs' complaint seeks injunctive relief and damages for alleged infringement of the 239 patent. MTF denies the remaining allegations set forth in paragraph 6 of the complaint, and denies any infringement of the 239 patent.

**THE PARTIES**

7. MTF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the complaint and, on that basis, denies the same.

8. MTF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the complaint and, on that basis, denies the same.

9. MTF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the complaint and, on that basis, denies the same.

10. MTF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the complaint and, on that basis, denies the same.

11. MTF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the complaint and, on that basis, denies the same.

12. MTF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the complaint and, on that basis, denies the same.

13. MTF admits that it has offices at 125 May Street, Edison, New Jersey 08837. MTF denies the remaining allegations set forth in paragraph 13 of the complaint, and denies any infringement, inducement of infringement, or contributory infringement of the 239 patent. By way of further answer, MTF avers that it is a non-profit service organization organized under the laws of the District of Columbia.

**JURISDICTION AND VENUE**

14. Paragraph 14 states a legal conclusion to which no answer is required. By way of further answer, MTF does not contest this Court's subject matter jurisdiction over this action.

15. Paragraph 15 states a legal conclusion to which no answer is required. By way of further answer, MTF does not contest personal jurisdiction in New Jersey solely for purposes of this action.

16. Paragraph 16 states a legal conclusion to which no answer is required. By way of further answer, MTF does not contest venue in this District solely for purposes of this action.

**THE PATENT-IN-SUIT AND SUBJECT MATTER CLAIMS**

17. MTF admits that the 239 patent is entitled "Uses for Non-Autologous Mesenchymal Stem Cells" and that the 239 patent bears the issue date of March 12, 2002. MTF is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 17 of the complaint and, on that basis, denies the same.

18. MTF admits that the 239 patent purports to claim a method for treating a human subject for promoting connective tissue growth, comprising treating a recipient human subject in need of connective tissue growth by administering a therapeutically effective amount of

allogeneic mesenchymal stem cells to said recipient human subject, wherein said allogeneic mesenchymal stem cells are obtained from a donor human subject and wherein a step of MHC matching of said donor human subject to said recipient human subject is not employed prior to the administration of said allogeneic mesenchymal stem cells to the recipient human subject. MTF is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 18 of the complaint and, on that basis, denies the same.

19. Admitted.

20. Admitted.

21. Admitted.

22. Denied as stated. By way of further answer, MTF avers that in some instances, autologous transplants present a lower risk of rejection than allogeneic transplants, but that allogeneic transplants have also been performed without rejection.

23. Admitted.

24. Denied.

25. Denied.

26. Denied.

**DEFENDANTS' ALLEGED WILLFUL INFRINGEMENT OF THE 239 PATENT**

27. MTF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the complaint and, on that basis, denies the same.

28. MTF admits that the 239 patent bears the issue date of March 12, 2002. MTF is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 28 of the complaint and, on that basis, denies the same.

29. MTF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the complaint and, on that basis, denies the same.

30. MTF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the complaint and, on that basis, denies the same.

31. MTF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the complaint and, on that basis, denies the same.

32. MTF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the complaint and, on that basis, denies the same.

33. MTF is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the complaint and, on that basis, denies the same.

34. Denied. By way of further answer, MTF avers that it started its own research and development program in 2006 to develop an allograft tissue form that included MSCs, now known as Trinity Evolution, and that MTF agreed to collaborate with Orthofix to commercialize the Trinity Evolution tissue form. MTF denies any infringement of the 239 patent.

**COUNT I – PATENT INFRINGEMENT**

35. Denied as stated. By way of further answer, MTF avers that it processes the allograft tissue form Trinity Evolution, and that Orthofix markets the Trinity Evolution tissue form.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

**COUNT II – DECLARATORY JUDGMENT OF PATENT INFRINGEMENT**

40. Denied as stated. By way of further answer, MTF avers that it processes the tissue form Trinity Evolution, and that Orthofix markets the Trinity Evolution tissue form.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

**PRAYER FOR RELIEF**

MTF denies that Plaintiffs are entitled to any of the relief sought.

**FIRST AFFIRMATIVE DEFENSE**

The complaint fails to state a claim against MTF upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

MTF has not infringed, and is not infringing, directly or indirectly, any valid and enforceable claim of the 239 patent.

**THIRD AFFIRMATIVE DEFENSE**

One or more claims of the 239 patent are invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

**FOURTH AFFIRMATIVE DEFENSE**

The claims in the 239 patent are so limited by prior art, by their terms, and by the prosecution in the United States Patent & Trademark Office of the applications upon which the 239 patent issued, including by estoppel based on that prosecution, that none of the claims is infringed.

**COUNTERCLAIMS**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant/Counterclaim Plaintiff Musculoskeletal Transplant Foundation ("MTF"), for its counterclaims against Plaintiffs/Counterclaim Defendants NuVasive, Inc. and Osiris Therapeutics, Inc. (collectively, "Counterclaim Defendants"), alleges as follows:

**PARTIES**

1. On information and belief, Orthofix International N.V. is incorporated under the laws of the Netherlands Antilles with United States corporate headquarters at 800 Boylston Street, Boston, Massachusetts 02199.

2. On information and belief, Orthofix Inc. is incorporated under the laws of the State of Minnesota with a principal place of business at 1720 Bray Central Drive, McKinney, Texas 75069.

3. On information and belief, Orthofix Holdings, Inc. is incorporated under the laws of the State of Delaware with a principal place of business at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

4. On information and belief, Blackstone Medical, Inc. is incorporated under the laws of the States of Massachusetts with a principal place of business at 1720 Bray Central Drive, McKinney, Texas 75069, and Orthofix Spinal Implants and Orthofix Biologics are names under which Blackstone Medical, Inc. does business.

5. Musculoskeletal Transplant Foundation is a non-profit service organization organized under the laws of the State of New Jersey with offices at 125 May Street, Edison, New Jersey 08837. MTF is the largest tissue bank in the United States.

6. NuVasive, Inc. alleges that it is incorporated under the laws of the State of Delaware with its principal place of business at 7475 Lusk Boulevard, San Diego, California 92121.

7. Osiris Therapeutics, Inc. alleges that it is incorporated under the laws of the States of Delaware with its principal place of business at 7015 Albert Einstein Drive, Columbia, Maryland 21046.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

9. This Court has personal jurisdiction over Counterclaim Defendants because, among other reasons, they have availed themselves of this Court to sue MTF in this action.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

## COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT

11. MTF repeats, realleges, and incorporates by reference, the allegations in paragraphs 1 through 45 of its answer to the complaint and paragraphs 1 through 10 of these counterclaims as if fully set forth herein.

12. The 239 patent was apparently issued, albeit improperly, by the United States Patent & Trademark Office on March 12, 2002. Osiris claims to be the owner of the 239 patent.

13. Counterclaim Defendants have alleged that certain acts by MTF infringe the 239 patent.

14. An actual controversy exists between MTF and Counterclaim Defendants regarding the validity and infringement of each claim of the 239 patent.

15. MTF has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the 239 patent.

16. A judicial determination is necessary and appropriate so that MTF by ascertain its rights regarding the 239 patent.

**COUNT II – DECLARATORY JUDGMENT OF INVALIDITY**

17. MTF repeats, realleges, and incorporates by reference, the allegations in paragraphs 1 through 45 of its answer to the complaint and paragraphs 1 through 16 of these counterclaims as if fully set forth herein.

18. The 239 patent is invalid for failure to satisfy one or more conditions of patentability set forth in Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

19. A judicial declaration is necessary and appropriate so that MTF may ascertain its rights regarding the 239 patent.

**EXCEPTIONAL CASE**

20. On information and belief, this is an exceptional case entitling MTF to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Counterclaim Defendants' assertion of

the 239 patent against MTF with the knowledge that MTF does not infringe any valid claim of the 239 patent and/or that the patent is invalid.

## RELIEF REQUESTED

WHEREFORE, MTF respectfully requests the following relief:

A. A judgment in favor of MTF denying Plaintiffs/Counterclaim Defendants all relief requested in this action and dismissing the complaint with prejudice;

B. A judgment declaring that each claim of the 239 patent is invalid;

C. A judgment declaring that MTF has not infringed and is not infringing any valid claim of the 239 patent, and that MTF has not contributed to or induced, and is not contributing to or inducing, infringement of any valid and enforceable claim of the 239 patent;

D. A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding to MTF its costs, expenses, and reasonable attorneys' fees; and

E. An award to MTF of such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), MTF hereby demands a trial by jury on all issues so triable.

Dated: June 8, 2010
New York, New York

Respectfully submitted,

s/ David J. Sheehan
David J. Sheehan (DS-4818)
dsheehan@bakerlaw.com
Jason S. Oliver (JO-1676)
joliver@bakerlaw.com
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
T 212.589.4200
F 212.589.4201

Dale M. Heist
heist@woodcock.com
Gary H. Levin
levin@woodcock.com
S. Maurice Valla
svalla@woodcock.com
Aleksander J. Goranin (AG-0892)
agoranin@woodcock.com
John F. Murphy
jmurphy@woodcock.com
WOODCOCK WASHBURN LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104-2891
T 215.568.3100
F 215.568.3439

*Attorneys for Defendants/Counterclaim Plaintiffs Orthofix International N.V., Orthofix Inc., Orthofix Holdings, Inc., Orthofix Biologics, Orthofix Spinal Implants, and Musculoskeletal Transplant Foundation*

## RULE 11.2 INITIAL CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify, to the best of my knowledge, that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: June 8, 2010
New York, New York

s/ David J. Sheehan
David J. Sheehan (DS-4818)
dsheehan@bakerlaw.com
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
T 212.589.4200
F 212.589.4201

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NUVASIVE, INC. and OSIRIS THERAPEUTICS, INC., Plaintiffs<br>v.<br>ORTHOFIX INTERNATIONAL N.V., et al Defendants | Docket No. 10-cv-01995 (SDW) (MCA) |

**CERTIFICATE OF SERVICE**

I, Jason S. Oliver, hereby certify that on this 8th day of June, 2010, I caused a true and correct copy of the foregoing Answer, Affirmative Defenses and Counterclaims of Defendant Musculoskeletal Transplant Foundation to be served by e-mail and CM/ECF (for those registered) on the following:

Robert J. Schoenberg
rschoenberg@riker.com
Riker, Danzig, Scherer, Hyland & Perretti LLP
1 Speedwell Avenue
Morristown, NJ 07962-1981
T 973.538.0800
F 973.538.1984

Jennifer Gordon
jennifer.gordon@bakerbotts.com
Scott B. Familant
scott.familant@bakerbotts.com
Baker Botts LLP
30 Rockefeller Plaza
New York, New York 10112
T 212.408.2500
F 212.408.2501

Chris Alder
CAlder@osiris.com
Osiris Therapeutics, Inc.
7015 Albert Einstein Drive
Columbia, MD 21046
T 443-545-1862

F 410-530-4850

*Attorneys for Plaintiffs/Counterclaim Defendants Nuvasive, Inc. and Osiris Therapeutics, Inc.*

s/ *Jason S. Oliver*
Jason S. Oliver (JO-1676)
joliver@bakerlaw.com
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
11th Floor
New York, NY 10111
T 212.589.4200
F 212.589.4201